UNITED STATES of America, Plaintiff,

v.

George H. HILL and Daniel J. Latta, Defendants.

Crim. A. No. 85–43 LON.

United States District Court,
D. Delaware.

Feb. 25, 1986.

Edmond Falgowski, U.S. Attorney's Office, Wilmington, Del., for plaintiff.

Joseph N. Bongiovanni, III, of Bongiovanni & Berger, Philadelphia, Pa., for defendant Hill.

Nino V. Tinari, Philadelphia, Pa., for defendant Latta.

LONGOBARDI, District Judge.

The Government has charged George H. Hill and Daniel J. Latta in a two count indictment with commercial bribery, a violation of 18 U.S.C. § 1952 (Count I) and conspiracy to commit commercial bribery, a violation of 18 U.S.C. § 371 (Count II). The Government contends that Hill, a traffic manager for Crown Zellerbach Company ("Crown Zellerbach") received bribes from Latta totaling approximately $40,000 over the period March 2, 1981 to August 8, 1983. These bribes were allegedly made to influence Hill to do business with Latta's corporation, East Coast Consolidators

("ECC"). Hill, as traffic manager, was responsible for hiring trucking services to haul Crown Zellerbach freight. ECC is a truck brokerage firm which contracts to perform these services. ECC does not own its own trucks or employ its own truck drivers. Rather, it serves as a middleman and hires independent truckers to haul the freight. Latta is sole shareholder of ECC and also served, through the time period pertinent to the indictment, as ECC's salesman to customer Crown Zellerbach.

The alleged bribery scheme operated as follows. ECC secured trucking business from Hill (Crown Zellerbach) and hired an independent trucker to haul the freight. The trucker was then paid by ECC for his services. Payment to the trucker was made by ECC on its own corporate check. However, then Latta, or an ECC employee, would write another check to the truck driver for an amount usually under $100. This check would not be given to the driver (the proper payee) but would allegedly be fraudulently endorsed by Latta or his employee, the check cashed and the money pocketed by Latta. The Government contends that over the two year period stated in the indictment, Latta derived almost $40,000 cash in this way which he then used to bribe Hill. Presumably, the bribes were given to influence Hill to continue doing business with ECC.

The Government's allegations of bribery are very broad and contain another important aspect but that second aspect is not material for purposes of this motion.[1]

The Government intends to introduce at trial substantial evidence that would tend to prove, in addition to the alleged bribing of Hill, Latta bribed traffic managers at several other companies during the time period of the indictment. The Government argues that these other bribery transactions used the same method as that alleged in the present case, i.e., the development of a cash bribery fund through fraudulent endorsement of ECC checks written to truck drivers. The Government argues that the evidence of these alleged acts is probative and admissible against Latta to demonstrate to the jury the existence of a common scheme on his part to bribe traffic managers. The Government further contends that the evidence is admissible against Hill as it is relevant and probative evidence that the $40,000 he allegedly received from Latta was, in fact, a bribe.

The present motion has been brought by the Defendants to exclude evidence of Latta's alleged bribes of other traffic managers. Latta argues that the evidence of alleged unrelated acts of bribery constitutes inadmissible character evidence against him. Hill argues that admission of the evidence would result in substantial prejudice to him and is, therefore, inadmissible.

The Government relies on independent legal theories to support the admissibility of Latta's alleged bribery scheme against each Defendant. As a result, the Court shall dispose of the admissibility issue separately as to each Defendant.

## ADMISSIBILITY OF EVIDENCE OF SIMILAR ILLEGAL ACTIVITY AGAINST LATTA—FEDERAL RULE OF EVIDENCE 404(b)

Latta is accused in the present indictment of bribing the traffic manager of Crown Zellerbach (Defendant Hill) by use of a particular scheme. This scheme included creation of a cash fund by Latta's fraudulent endorsement and cashing of ECC checks written to truckers who had

---

1. Critical to the Government's case is proof of its allegation that a $5,500 ECC corporate check received by Hill constituted a bribe and was part of Latta's overall bribery scheme. On this point, Defendants contend that, rather than being a bribe, the check was given to Maureen Hill, Defendant Hill's daughter, while she was working for Latta as an ECC employee. Defendants maintain that Maureen asked Latta for a $5,500 education loan which he gave her by corporate check. The Government argues, however, that upon receipt of the check, Maureen endorsed it and gave it to her father. Defendant Hill then cashed the check and used the proceeds to purchase a boat.

Proof of the nature of this transaction is central to the Government's case but is not a factor in disposing of the matter presently before the Court.

hauled Crown Zellerbach freight. The checks were usually written in an amount under $100. The proceeds derived from these checks were then allegedly given to the traffic manager as bribes to secure additional Crown Zellerbach business.

The Government seeks to introduce evidence that Latta had bribed traffic managers of other companies through use of the same scheme. Specifically, the evidence is that Latta derived a cash fund from which to bribe a particular traffic manager by fraudulently cashing ECC corporate checks made out to truck drivers who had hauled that particular company's freight. The checks were usually written for an amount under $100.

■ In support of the Government's allegation of bribery, several of Latta's ex-employees will testify that they were ordered or authorized by Latta to write checks in amounts under $100 to be used in bribing the traffic managers of their particular accounts. Several former ECC salesmen will also testify that they forged the signatures of truck drivers who had hauled freight for their accounts, cashed the checks and either gave the proceeds to Latta or bribed the traffic managers themselves.

This testimony is admissible as evidence of a "common scheme or plan" under Fed. R.Evid. 404(b). Rule 404(b) states as follows:

> (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

■ Admission of evidence under Rule 404(b) is discretionary with the trial judge. *United States v. Long*, 574 F.2d 761 (3d Cir.1978). In addition, this Circuit has explicitly held that the Rule favors admissibility of "other crime" or "bad act" evidence unless it is being offered solely to show that a defendant has criminal propensities. *Id.* at 766.

The Court rejects Latta's contention that the presentation of evidence of a common scheme or plan of commercial bribery constitutes improper character evidence under Rule 404(a). The evidence is not being introduced to establish that Latta possesses a criminal mind or that he has a character trait which manifests itself in committing acts of commercial bribery; the evidence simply illustrates that while Latta was fraudulently endorsing checks for the purpose of bribing traffic manager Hill, he was authorizing his sales people to bribe other traffic managers by the same illegal method. The existence of these similar acts tends to prove the presence of a larger plan, scheme or conspiracy of which the crime on trial is part. The evidence is relevant as it goes to Latta's intent or plan. *United States v. Lewis*, 693 F.2d 189, 193 (D.C.Cir.1982); McCormick, *Evidence* § 190, p. 559 (3d ed. 1984).

The Court's analysis, however, does not end when it has established only that evidence of other crimes or bad acts is admissible under Rule 404(b). Rather, the Court must proceed to a second step and determine whether the evidence may still be excluded under Rule 403 due to the prejudicial effect of such evidence on the Defendant. *United States v. Herman*, 589 F.2d 1191, 1197–98 (3d Cir.1978).

Rule 403 provides for a balancing by the trial judge of the relevance and probative value of the evidence on the one hand against the dangers of unfair prejudice to the defendant, confusion of the issues, misleading of the jury or by considerations of undue delay, waste of time or needless presentation of cumulative evidence.

■ The decision of whether to exclude evidence based on Rule 403 considerations is discretionary with the trial judge although the applicable standard is that the judge "may" bar evidence from trial *only* if its probative value is "substantially outweighed" by prejudice. *United States v. Long*, 574 F.2d at 767.

The Court is unpersuaded by Latta's arguments that Rule 403 considerations compel the conclusion that the "other bad acts" evidence is substantially prejudicial and, as a result, inadmissible. For example, Latta maintains that the evidence has minimal relevancy. On the contrary, testimony of government witnesses concerning their participation in a common bribery scheme masterminded by Latta is highly relevant and probative evidence that the $40,000 worth of fraudulent checks written and recorded on ECC accounts was earmarked to bribe the Crown Zellerbach traffic manager.

The testimony will tend to support the conclusion that Latta, as ECC owner and salesman to Crown Zellerbach, engaged in acts complained of in the indictment relative to the Crown Zellerbach account. Specifically, the testimony will show that other ECC salesmen engaged in similar acts of fraudulent check writing in order to generate cash funds. These funds were then used by the salesmen to bribe their customers' traffic managers. The testimony will then show that the salesmen acted at the direction of or with the knowledge of Defendant Latta. What is established, therefore, is probative evidence that Latta masterminded an extensive scheme of commercial bribery of which the bribery of traffic manager Hill was a part.

Latta argues, however, that the evidence is not admissible because it is unfairly prejudicial. Again, that is clearly not the case. Whatever possible prejudicial effect the evidence may have on Latta does not meet the standard that it "substantially outweigh" its relevance. The Government witnesses will testify as to their own participation in Latta's common scheme. The crux of Latta's complaint with this evidence appears to be that the witnesses are lying. Latta did, at one time, go so far as to move for an Order convening a grand jury inquiry into possible perjury of one of the witnesses. However, these concerns of bias and possible perjury go not to the relevance or admissibility of the common scheme evidence but rather to its credibility. The Federal Rules provide ample resources to counter courtroom perjury. They are impeachment, cross-examination and rebuttal testimony.

The Court finds little, if any, basis to conclude that admission of this "common scheme" evidence would be unfairly prejudicial to Latta. Although the evidence does introduce new issues, the evidence will not be confusing or misleading to the jury. Since the evidence establishes a pattern or plan of commercial bribery with Latta as the focal point, the jury is not being asked to consider incidents that are isolated and unrelated in time or to the Defendant. Also, because the evidence does establish a "common scheme", it is not improper character evidence and will not serve only to inflame the jury against Latta. Since the evidence is not repetitive, there is no Rule 403 conflict—admission of the evidence will not result in undue delay, waste of time or needless presentation of cumulative evidence. Finally, although time will be required for presentation of the "common scheme" evidence, the Court concludes that development of this evidence and its probative value far outweigh the burden on the parties to present and defend against it. There also does not appear to be an alternative means by which to prove the existence of the common scheme. Therefore, a final Rule 403 consideration, whether there exists an alternative, less prejudicial way to establish the fact, is inapplicable here.

The Court concludes that the evidence of these alleged similar acts of bribery is admissible against Latta under Rule 404(b) as evidence of a common scheme or plan. Also, the Court finds that the probative value of this evidence is not substantially outweighed by its prejudicial impact. Therefore, the evidence meets the criteria for admissibility under Rule 403. *See United States v. Long*, 574 F.2d at 767. The Court is confident that the jury will use the common scheme evidence only insofar as it is permissible under Rule 404(b). If necessary, to ensure that the evidence not be considered improperly as character evidence (Rule 404(a)), the Court will give cautionary instructions to the jury to re-

strict its evaluation of the evidence. *United States v. Provenzano*, 620 F.2d 985 (3d Cir.1980).

## ADMISSIBILITY OF EVIDENCE OF SIMILAR ILLEGAL ACTIVITY AGAINST HILL—FEDERAL RULE OF EVIDENCE 403

■ Defendant Hill has moved for an Order to exclude from the case against him evidence of Latta's alleged common bribery scheme. Hill maintains that any allegations involving Latta's bribery of other traffic managers are irrelevant to the case against him and should be excluded due to their probable unfairly prejudicial effect. Fed.R.Evid. 403. Hill argues that the Government's case against him involves only whether his receipt of the $5,500 ECC corporate check from Latta via his daughter, Maureen, constituted a bribe in violation of 18 U.S.C. § 1952.

The Government contends that evidence of Latta's common bribery scheme is probative evidence against Hill since the indictment against him alleges a conspiracy which implicates Latta's plan (Count II). Specifically, the Government argues that Hill received almost $40,000 in cash from Latta through proceeds derived from the check writing plan. The Government concludes that evidence of the common plan is probative as to whether there was an agreement between the two Defendants that Hill was to receive bribes.

Upon review of the factual circumstances of this case, I find that the evidence of Latta's alleged common scheme to bribe traffic managers is not admissible evidence against Defendant Hill. I conclude this because the relevance of the evidence is "substantially outweighed" by the danger of unfair prejudice to Hill. Fed.R.Evid. 403.

There are several reasons why the evidence should not be admitted against Hill. First, the evidence has very limited probative value. The main thrust of the Government's case against Hill is that he received a bribe in the form of a $5,500 ECC corporate check. But the "common scheme" evidence involves Latta's alleged bribing of traffic managers with cash payments. Although a jury could use this evidence as circumstantial support for the conclusion that Hill's receipt of the $5,500 check was, in fact, a bribe, there is no clear nexus between Latta's alleged scheme and Hill's receipt of the check to stop the jury from judging Hill unfairly. The acts involved in the bribery scheme are acts attributable only to Latta and his employees—not to Defendant Hill. And this leads to the second reason why the evidence is properly to be excluded—the Government offers no proffer to support its bare assertion that Hill received $40,000 from Latta's scheme. Again, the Government's proof of bribery rests solely on Hill's receipt of the $5,500 check.

The Government's reliance on *United States v. Morano*, 697 F.2d 923 (11th Cir. 1983), to support its conclusion that common scheme evidence attributable to one person can be used against another individual under Rule 403 is misplaced. In *Morano*, defendant store owner was convicted of the arson and destruction of his business. The Government alleged that defendant had hired another individual to actually set the fire (the arsonist was not a defendant in the case). The court allowed introduction into evidence against the defendant the arsonist's prior arson convictions and his unusual method for starting fires. The court held that this evidence was admissible under Rule 403 as it showed the existence of an agreement between the defendant and the arsonist.

*Morano* is not this case. In *Morano*, the court found the necessary nexus between the acts of the arsonist and the defendant (evidence of the arsonist's "unusual" method of starting fires was relevant and not substantially prejudicial where the fire at defendant's business was started in the same "unusual" manner). In this case, however, Latta's alleged bribery scheme involves cash payoffs derived from a cash fund created by fraudulently endorsed checks made out to truck drivers. But the allegations against Hill involve his receipt

of an ECC corporate check written by Latta to Maureen Hill as payee. No clear nexus exists between the two acts which would eliminate the potential and substantial prejudice if the evidence against Latta were admitted against Hill.

The Court shall instruct the jury that evidence of Latta's common scheme or plan to bribe traffic managers is not admissible evidence against Defendant Hill and must not be considered by them in their deliberations on the guilt or innocence of Hill.

